Morgan E. Pietz (SBN 260629)
   morgan@pstrials.com
Thomas P. Burke Jr. (SBN 288261)
   tom@pstrials.com
PIETZ & SHAHRIARI, LLP
6700 S. Centinela Avenue, 2nd Floor
Culver City, CA 90230
Telephone:  (310) 424-5557
Facsimile:  (310) 597-4626
*Attorneys for Defendant ZULILY, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Texco, Inc. a California corporation,<br><br>Plaintiff,<br>vs.<br><br>Zulily, LLC, a Delaware limited liability company; and Does 1 through 10,<br><br>Defendants. | Case No 2:23-cv-04857-CBM-KS<br><br>Assigned to District Judge Consuelo B. Marshall<br><br>Referred to Magistrate Judge Karen L. Stevenson<br><br>**ZULILY LLC'S ANSWER TO PLAINTIFF TEXCO, INC'S COMPLAINT;**<br><br>**AFFIRMATIVE DEFENSES;**<br><br>**AND DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: June 20, 2023<br>Trial Date: None |

Defendant ZULILY, LLC ("Defendant" or "ZULILY") hereby answers the Complaint of Plaintiff TEXCO, INC. ("Plaintiff"), raises certain affirmative defenses, and demands trial by jury as follows:

## GENERAL ALLEGATIONS

1. Texco is a designer, manufacturer, and seller of apparel, fabrics, and related items, among other things. As part of its business, Texco designs textile patterns and registers copyrights for such artwork. Texco is the owner of Copyright Registration No. VA 2-091-733, entitled "JUNE-JULY TEXCO PRINTS 2017, which includes a design entitled P-150-GLT1579-G (hereinafter the "Subject Design").

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

2. On information and belief, at least as early as February 2023, Zulily, LLC (hereinafter "Zulily") launched a new line of blouses and shirts using the Subject Design with [*sic*] license, authorization, or consent.

**ANSWER:** Denied.

3. As set forth below, Texco brings this action for Copyright Infringement, seeking damages including disgorgement of profits, actual damages, statutory damages, and attorneys fees.

**ANSWER:** Defendant admits that Plaintiff has purported to bring a claim for copyright infringement and seeks damages including disgorgement of profits, actual damages, statutory damages, and attorney's fees; Defendant denies that Plaintiff's claim has any merit.

## PARTIES

4. Plaintiff Texco, Inc. is a California corporation, with its principal place of business in Los Angeles County, California.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

5.  On information and belief, Defendant Zulily, LLC ("Zulily") is a Delaware limited liability company with its principal place of business in Seattle, Washington.

**ANSWER:** Admitted.

6.  Upon information and belief, Plaintiff alleges that Defendants Does 1 through 10 (collectively, "DOE Defendants") (altogether with Zulily, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

7.  Upon information and belief, Plaintiff alleges that each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**ANSWER:** Denied.

## JURISDICTION AND VENUE

8. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, et seq.

**ANSWER:** Admitted.

9. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

**ANSWER:** Admitted.

10. Pursuant to 28 U.S.C. § 1391(c), on information and belief, Defendant Zulily conducts a substantial amount of business in this venue and is subject to the Court's personal jurisdiction on that basis.

**ANSWER:** Denied.

11. On information and belief, Zulily consummated transactions with residents of this forum through sales of infringing products at least through Zulily's website, located at https://www.zulily.com/. Further, Zulily's privacy practices on its website, at https://www.zulily.com/privacy-practices#p13 (last visited June 20, 2023 [TCF]) , indicate that Zulily explicity complies with the California Consumer Privacy Act (the "CCPA"), specifically explaining "how Zulily collects and uses the personal information of California consumers . . . ." As such, Zulily has purposefully availed itself of the privilege of conducting business activities in the forum, thereby invoking the benefits and protections of the state of California. The infringement claim set forth herein arises out of Zulily's forum-related activities, namely the sale of infringing products making use of the Subject Design. Based on the foregoing, and Zulily's size as a company and national reach, the exercise of jurisdiction is reasonable here.

**ANSWER:** Defendant admits that the "Privacy Practices" page of its website contains the language quoted in this paragraph; otherwise denied.

**ZULILY LLC'S ANSWER TO PLAINTIFF TEXCO, INC.'S COMPLAINT**

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the copyright is held by a corporation residing in this venue, at least some sales of the infringing products occurred in this venue, and the harm to Texco was suffered in this venue.

**ANSWER:** Denied.

## ZULILY'S INFRINGEMENT
## OF TEXCO'S COPYRIGHT IN THE SUBJECT DESIGN

13.     Plaintiff owns the original two-dimensional artwork used for textile prints, entitled P-150-GLT1579-G, and respectively registered with the U.S. Copyright Office under Reg. No. VA 2-091-733, entitled "JUNE-JULY TEXCO PRINTS 2017. Attached as Exhibit A is a true and correct copy of the foregoing U.S. Copyright Registration.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

14.     Plaintiff disseminated the Subject Design to numerous parties in the fashion and apparel industry.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

15.     Subsequently, Defendants created, manufactured, distributed, offered for sale, sold, and otherwise used fabric and/or garments featuring a design that is substantially identical and/or substantially similar to the Subject Design (hereinafter the "Accused Products") without license, authorization, or consent from Plaintiff.

**ANSWER:** Denied.

16.     The Subject Design, along with examples of the Accused Products, are set forth below:

[*Table of images omitted*]

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

17. On June 1, 2023, Plaintiff sent correspondence to Zulily demanding that Zulily ceast and desist its use of the Accused Products and provide information to Plaintiff regarding that use for purposes of exploring amicable settlement without resorting to litigation. Zulily responded to the email to state that they would remove the listing, but failed to provide any of the requested information, namely the number of units sold or the vendor or manufacturer from whom Zulily had sourced the Infringing Products. Zulily did not respond to Plaintiff's second request for the information. As such, Zulily's actions necessitated this action.

**ANSWER:** Denied.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement – Against All Defendants)

18. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** Defendant responds to each allegation as set forth above.

19. Upon information and belief, Plaintiff alleges that Defendants had access to the Subject Designs, including through (a) unlawfully distributed copies of the Subject Designs by third-party vendors and/or contributory DOE Defendants (e.g., international and/or overseas converters and printing mills); (b) Plaintiff's strike-offs and samples; and/or (c) garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Designs.

**ANSWER:** Denied.

20. Upon information and belief, Plaintiff alleges: (a) that one or more of the Defendants is a garment manufacturer and/or vendor; (b) that said Defendant(s) has/have an ongoing business relationship with Defendant retailers; (c) that said Defendants supplied garments, including the Accused Products, to said Defendant

retailers; and (d) that said Defendant retailers used the Accused Products as alleged above.

**ANSWER:** Denied.

21. Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

**ANSWER:** Denied.

22. Due to Defendants' acts of copyright infringement, Defendants have obtained profits they would not have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to the infringement of Subject Designs in an amount to be established at trial.

**ANSWER:** Denied.

23. Due to Defendants' acts of copyright infringement, Plaintiff has suffered actual losses in the form of lost sales and lost profits for yardage purchased by Defendants from DOE Defendants.

**ANSWER:** Denied.

24. Upon information and belief, Plaintiff alleges that Defendants have committed copyright infringement with actual or constructive knowledge, or in reckless disregard, of Plaintiff's copyrights in the Subject Designs, such that said acts of copyright infringement were, and continue to be, willful, intentional, and malicious.

**ANSWER:** Denied.

*The remainder of the complaint consists of a prayer for relief, to which no response is required.*

**ZULILY LLC'S ANSWER TO PLAINTIFF TEXCO, INC.'S COMPLAINT**

## *AFFIRMATIVE DEFENSES*

For its affirmative defenses, and without altering any applicable burdens, ZULILY alleges that Plaintiff's claims are barred, in whole, or in part, as follows:

### FIRST DEFENSE:

### Independent Creation / No Copying

25. To the extent that Plaintiff's allegedly original design at issue (the "Copyright-in-Suit") is similar to Defendants' products, any such similarities are not the result of any actual copying of Plaintiff's design by the Defendant or its agents. Rather, on information and belief, the design appearing on products allegedly sold by the Defendant was independently created by ZULILY's vendor(s), or its upstream suppliers, designers, agents, or factories, based on pre-existing, public-domain materials.

### SECOND DEFENSE:

### Equitable Estoppel for Inducement or Inaction

(*In the Alternative to Independent Creation*)

26. On information and belief, Plaintiff knew, should have known, or was willfully blind as to facts of Defendants' allegedly infringing conduct. This includes facts related to the allegedly infringing conduct of the Defendant, as well as of the upstream conduct of John Doe defendants involved in supplying the garments at issue, and also the conduct of certain other unknown third parties, including agents of Plaintiff, to whom Plaintiff has previously disclosed its allegedly original, copyright-protected design in the past (hereafter, "Roes 1-10"). The named Defendants, the John Doe defendants, and Roes 1-10, are hereafter referred to as the "Induced Parties."

27. On information and belief, Plaintiff intended that its conduct be acted upon, or it acted so that the Induced Parties, and each of them, had a right to believe that Plaintiff intended for its conduct to be acted upon. Specifically, Plaintiff, or its

agents, induced the infringement of its copyrighted design by actively trying to ensure that its design was made available in the print fabric marketplace, without attribution or copyright notice, and from there distributed throughout the world, so that the design could then serve as the basis for copyright lawsuits, when garments bearing the design were imported and sold in United States. Or, at the very least, Plaintiff failed to take appropriate and reasonable action, for a prolonged period of time, that would have helped stop dissemination of supposedly-proprietary and original Plaintiff design into the print fabric marketplace.

28. ZULILY was ignorant of the true facts of Plaintiff's inducement, inaction, and other conduct.

29. ZULILY relied upon Plaintiff's inducement, inaction, and other conduct to their injury.

### THIRD DEFENSE:

### Unclean Hands

(*In the Alternative to Independent Creation*)

30. The allegations of the second affirmative defense are incorporated here by reference.

31. To the extent that Plaintiff or its agents actively induced the dissemination of Plaintiff's design into the print fabric marketplace, so as to then sue in the United States for infringement, that also amounts to unclean hands by Plaintiff.

32. On information and belief, Plaintiff's inducement of infringement of the Copyright-in-Suit was a transgression of serious proportions that relates directly to the subject matter of this infringement action.

**ZULILY LLC'S ANSWER TO PLAINTIFF TEXCO, INC.'S COMPLAINT**

## FOURTH DEFENSE:

### Implied License

(*In the Alternative to Independent Creation*)

33. The allegations of the second affirmative defense are incorporated here by reference.

34. To the extent that Plaintiff or its agents actively induced the dissemination of Plaintiff's design into the print fabric marketplace, or failed to take reasonable action to stop such dissemination, Plaintiff's conduct and representations gives rise to an implied license granted by Plaintiff to the Induced Parties. If ZULILY purchased any finished products made from fabric in the marketplace that originated with other of the Induced Parties, then, on information and belief, such purchases came with an implied license to reproduce, distribute, and otherwise make commercial use of the Copyright-in-Suit, which Plaintiff disseminated into the marketplace.

## FIFTH DEFENSE:

### First Sale

(*In the Alternative to Independent Creation*)

35. The allegations of the second affirmative defense are incorporated here by reference.

36. Assuming the Copyright-in-Suit is an original work of authorship, and that the copyright rights thereto are properly owned by Plaintiff, then, on information and belief, any fabric bearing the design was lawfully produced with authorization of the copyright owner.

37. The particular design template for the Copyright-in-Suit, as well as actual fabric created from that template which allegedly contains or embodies the Copyright-in-Suit, was transferred to unknown vendors under authority of the

copyright owner, whether via Plaintiff directly, or via the John Doe defendants or Roes 1-10.

38. The unknown vendors who received the design from Plaintiff, or the John Doe defendants, or Roes 1-10, were thus lawful owners of the particular design template and fabric allegedly embodying the Copyright-in-Suit.

39. The unknown vendors who received the particular design template and fabric embodying the Copyright-in-Suit thereupon simply distributed the particular template and fabric that allegedly embodies the Copyright-in-Suit.

40. Accordingly, the doctrine of first sale extinguished the copyright owners' rights in and to the allegedly copyrighted goods embodying the Copyright-in-Suit.

## SIXTH DEFENSE:

**Incorrect Information Included in Copyright Registration Application**

[17 U.S.C. § 411(b)]

41. On information and belief, Plaintiff included inaccurate information on Plaintiff's application for copyright registration with knowledge that it was inaccurate.

42. On information and belief, the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.

## SEVENTH DEFENSE:

**Fraud on the Copyright Office**

43. On information and belief, Plaintiff knowingly included information in its registration application that was false and that was intended to defraud the Copyright Office into issuing the registration at issue.

44. On information and belief, if the Copyright Office had known the true facts, it would have refused registration for the registration at issue.

**ZULILY LLC'S ANSWER TO PLAINTIFF TEXCO, INC.'S COMPLAINT**

# EIGHTH DEFENSE:

## Statutory Damages Under the Copyright Act Are Unconstitutional

45. Under the Copyright Act, Congress did not intend to burden juries with deciding on the amount of statutory damages; rather, Congress intended that judges set such awards. 17 U.S.C. § 504(c)(1) (statutory damages may be awarded in an amount "the court considers just"); id. at (c)(2) (where "the court finds" that infringement was committed willfully "the court in its discretion may increase the award"). *Feltner v. Columbia Pictures Television, Inc*., 523 U.S. 340, 346-47 (1998) ("The word 'court' in this context appears to mean judge, not jury. . . We thus discern no statutory right to a jury trial when a copyright owner elects to recover statutory damages").

46. The Seventh Amendment to the U.S. Constitution guarantees a right to jury trial on "suits at law." In *Feltner*, a case where a defendant had demanded that a jury determine statutory damages, the Supreme Court looked to 18th Century history and determined that a suit for copyright infringement is historically akin to a suit "at law." *Id*. at 349-55. Thus, the Supreme Court held, "the Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself." *Id*. at 355.

47. It is therefore clear that Section 504 of the Copyright Act, wherein Congress gave judges, rather than juries, the authority to award statutory damages violates the Seventh Amendment of the U.S. Constitution. *See* 5-14 Nimmer on Copyright § 14.04[C][2] (Dec. 2015 ed.) ("Eight justices of the United States Supreme Court have now determined that Congress did not allow for juries to be appointed under Section 504(a), which is therefore unconstitutional. . .") (citing *Feltner*, 523 U.S. at 347).

**ZULILY LLC'S ANSWER TO PLAINTIFF TEXCO, INC.'S COMPLAINT**

48. Accordingly, since Section 504 of the Copyright Act is facially unconstitutional, it should be deemed invalid such that it cannot serve as the basis for a statutory damages award. *See* 5-14 Nimmer on Copyright § 14.04[C][2] (Dec. 2015 ed.) (criticizing *Feltner* as "unsettling" and calling into question the Supreme Court's ostensible justification for obliquely allowing statutory damages to continue to be awarded even though the only statute allowing them says they should be provided by judges, not juries, and is thus unconstitutional. "This field appears to have sunk into disarray. . . Until such time as a different viewpoint of the Seventh Amendment prevails, and Congress is allowed to commit the award of statutory damages to district judges in the exercise of their discretion, the impasse between robe and venire may simply persist."); *cf. Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 US 424, 432 (2001) ("Unlike the measure of actual damages suffered, which presents a question of historical or predictive fact, []the level of punitive damages is not really a 'fact' 'tried' by the jury.'").

49. Further, in a case where actual damages are minimal or non-existent such as this one, it is possible that even the minimum amount of statutory damages prescribed under the Copyright Act of $750 per work of authorship, or such other higher figure as might be returned by a verdict, would amount to an unconstitutional deprivation of a defendant's due process, as applied.

## NINTH DEFENSE:

### Knowledge, Consent, and Acquiescence

50. On information and belief, Plaintiff's claims are barred in whole or in part by Plaintiff's knowledge, consent, and acquiescence, with respect to the alleged infringement, which Plaintiff was aware of and in fact took steps to help facilitate.

## TENTH DEFENSE:

### Failure to Mitigate

51. On information and belief, Plaintiff's claims are barred in whole or in part because Plaintiff was aware that the allegedly original copyrighted design it purports to own was being allegedly infringed online, and purposefully avoided taking steps that might mitigate the spread of infringement.

## ELEVENTH DEFENSE:

### Misuse of Copyright

52. On information and belief, Plaintiff's claims are barred in whole or in part because Plaintiff's tactics of permitting or inducing—and then aggressively policing—infringements constitute copyright misuse. The defense of misuse "need not even be grounded in anti-competitive behavior, and extends to any situation implicating 'the public policy embodied in the grant of a copyright.'" *Disney Enters., Inc. v. Redbox Automated Retail, LLC*, No. 17-cv-08655-DDP(AGRx), slip op. at 16-17 (C.D. Cal. Feb. 20, 2018) (order denying motion for preliminary injunction) (quoting *Omega S.A. v. Costco Wholesale Corp.*, 776 F.3d 692, 699-700 (9th Cir. 2015) (Wardlaw, J. concurring)).

53. The underlying policy of copyright law's "statutory monopoly" recognizes that "private motivation must ultimately serve the cause of promoting broad public availability of literature, music, and the other arts." *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975). While fabric copyright plaintiffs enjoy a limited monopoly over their designs, the use of infringement lawsuits as a business model reduces the choices available to consumers of apparel, frustrating the policy goals of copyright.

## TWELFTH DEFENSE:

### Intervening Acts

54. On information and belief, Plaintiff's claims are barred in whole or in part because the damages complained of were the result of intervening actions of others and were not proximately caused by the actions or omissions of Defendant.

## THIRTEENTH DEFENSE:

### Innocent Intent

[17 U.S.C. § 504(c)(2)]

55. Plaintiff's damages, if any, are limited because Defendant was not aware and had no reason to believe that their acts constituted an infringement of copyright.

## FOURTEENTH DEFENSE:

### Fair Use

56. Plaintiff's claims are barred in whole or in part by the doctrine of fair use in that the subject garment design sold by Defendant was transformative and constitutes new and unique artistic expression as compared to the original elements, if any, for the Copyright-in-Suit.

## FIFTEENTH DEFENSE:

### *De Minimis* Infringement

57. Plaintiff's claims are barred in whole or in part because any copying of original elements or other violations of rights which may have occurred was de minimis.

## SIXTEENTH DEFENSE:

### Failure to State a Claim Upon Which Relief Can be Granted

[Fed. R. Civ. P. 12(b)(6)]

58. Plaintiff has failed to state a claim upon which relief can be granted.

## SEVENTEENTH DEFENSE:
## Failure to Join a Party Under Rule 19
[Fed. R. Civ. P. 12(b)(7)]

59. On information and belief, Plaintiff may have failed to join a required party, however, the identity of such a party is presently unknown to Defendant.

## EIGHTEENTH DEFENSE:
## Lack of Volitional Conduct

60. Plaintiffs' claims are barred because the alleged infringement was not caused by a volitional act attributable to the Defendant.

## NINETEENTH:
## Statute of Limitations.

61. Plaintiff's claims are barred in whole or in part to the extent they were brought after the expiration of the applicable statutes of limitations. *See* U.S.C.A. § 507(b).

## TWENTIETH DEFENSE:
## Doctrine of Laches

62. "[I]n extraordinary circumstances, laches may, at the very outset of the litigation, curtail the relief equitably awarded. For example, where owners of a copyrighted architectural design, although aware of an allegedly infringing housing project, delayed suit until the project was substantially constructed and partially occupied, an order mandating destruction of the project would not be tolerable. [Citation omitted]. Nor, in the face of an unexplained delay in commencing suit, would it be equitable to order "total destruction" of a book already printed, packed, and shipped. [Citation omitted.]" *Petrella v. Metro-Goldwyn-Mayer, Inc.* (2014) 572 U.S. 663, 665-66.

63. On information and belief, Plaintiff's claims are barred in whole or in part by the Doctrine of Laches because Plaintiff routinely made purchases, and in

**ZULILY LLC'S ANSWER TO PLAINTIFF TEXCO, INC.'S COMPLAINT**

some instances, purchases were made many years in advance of serving a cease and desist letter, filing suit, or notice was otherwise given by Plaintiff.

### ADDITIONAL DEFENSES

64.   ZULILY reserves the right to supplement or amend this Answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

**ACCORDINGLY**, ZULILY hereby prays that Plaintiff takes nothing on its complaint and that Defendant recovers its costs, including attorneys' fees under the Copyright Act, and such other further relief as the Court may deem just and proper.

### *DEMAND FOR JURY TRIAL*

ZULILY hereby demands a jury trial on all issues so triable, per Fed. R. Civ. P. 38 and the Seventh Amendment to the U.S. Constitution.

Dated:  September 1, 2023            PIETZ & SHAHRIARI, LLP

                                By:  */s/ Thomas P. Burke Jr.*
                                     Morgan E. Pietz
                                     Thomas P. Burke Jr
                                     *Attorneys for Defendant*
                                     *ZULILY, LLC*

**ZULILY LLC'S ANSWER TO PLAINTIFF TEXCO, INC.'S COMPLAINT**